# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

LORCEN BURROUGHS,

                                Plaintiff,

                                                           9:18-CV-679

        v.                                                       (DNH/ATB)

JOYCE MITCHELL, et al.,

                                Defendants.

---

LORCEN BURROUGHS, Plaintiff, pro se
KOSTAS D. LERIS, Asst. Attorney General for Defendants

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter has been referred to me for Report and Recommendation by the

Honorable David N. Hurd, United States District Judge.  Presently before the court is

the defendants' motion to dismiss plaintiff's complaint in its entirety as against

defendant Donald G. Uhler.  (Dkt. No. 21).  Plaintiff has not filed a response to

defendants' motion.  For the following reasons, this court agrees with defendants and

will recommend dismissing the sole claim of retaliation against defendant Uhler.

## I.   <u>Facts</u>

      In his September 6, 2018 Order, Judge Hurd summarized the facts as stated in

plaintiff's lengthy complaint. (Dkt. No. 13 at 6-20).  Plaintiff alleges that he was the

victim of various constitutional violations following the escape of inmates David Sweat

and Richard Matt from Clinton Correctional Facility ("Clinton CF") in June 2015.

(*Id.*).  This court will briefly review the relevant facts as necessary to this

recommendation.

On or about June 6, 2015, Clinton CF officers discovered that inmates Sweat and Matt were not in their cells.  (Docket No. 1 at 9).  Various administrative actions ensued, including the questioning of staff members and inmates.  (*Id.*).  Plaintiff was among those questioned, and he denied having any information regarding the location of Matt or Sweat. (*Id.*).

Plaintiff further alleges that on June 17, 2015, defendants Sergeant Woods, C.O. John/Jane Doe #5 ("Doe #5"), and C.O. John Doe #6 ("Doe #6") entered plaintiff's cell and questioned plaintiff about the escape.  (*Id.* at 10).  When plaintiff denied having any information, Doe #5 frisked plaintiff, handcuffed him "tightly" causing cuts to his wrists, and "slammed" plaintiff's face into the metal gate while telling plaintiff that Doe #5 had the "green light" from Cuomo to "kill you if need be."  *Id.*  As a result of this incident, plaintiff's chin was cut and bleeding, he lost consciousness, and suffered a concussion.  (*Id.*).  When plaintiff regained consciousness, he was "dragged" to the facility hospital and lead into a small room, where Doe #5 told plaintiff "to shut up and not say nothing," and threatened to kill plaintiff.  (*Id.* at 11).  Due to defendant's threatening behavior, plaintiff fabricated a story in order to explain how he sustained his injuries when he was later examined by defendant Nurse Bob Fitzgerald.  (*Id.*).  Plaintiff was not treated for his injuries at that time, but pictures were taken of his jaw and wrist.  (Dkt. No. 1 at 11-12).  After the medical examination, plaintiff was immediately placed in a truck and transferred to Upstate Correctional Facility ("Upstate CF").  (*Id.* at 12).

When plaintiff arrived at Upstate CF, he was interviewed by defendant Nurse Jane Doe #3 ("Doe #3"), who observed blood on plaintiff's shirt, neck, and pants. (*Id.*). Plaintiff told Doe #3 that Doe #5 had assaulted plaintiff without provocation. (*Id.*). Doe #3 did not provide any medical treatment or document plaintiff's injuries. (*Id.*). Plaintiff was then escorted to an interview room to be questioned further about Matt and Sweat's escape. (*Id.* at 13). Plaintiff reported to the investigators that he had been assaulted. (*Id.*). Plaintiff continued to deny having information regarding the prisoners' escape, as a consequence of which he was transferred to the Special Housing Unit at Upstate CF on June 17, 2015. (*Id.*). Plaintiff was not provided with clothing, hygiene products, stamps, or commissary. (*Id.*). He did not have an operational toilet or running water during his first four days in the SHU. (*Id.*).

Between June 18, 2015 and June 25, 2015, defendant Upstate CF Superintendent Donald G. Uhler ("Uhler") conducted rounds in the SHU. (Dkt. No. 1 at 14). Per the complaint, the totality of plaintiff's allegations against defendant Uhler are as follows:

> 75.  On or about from June 18th to June 25th Superintendent Donald G. Uhler made numerous rounds and plaintiff made him aware that he was assaulted and in pain. Plaintiff asked for medical attention, supplies, new clothing, emergency commissary buy, to speak with mental health personnel, property to have water and toilet turned on, religious materials and religious meal because plaintiff was fasting for the month of Ramadan and to call emergency contacts and advise her of plaintiff's whereabouts. Unfortunately, Superintendent Donald G. Uhler failed to protect plaintiff and/or assist plaintiff with his request despite having the opportunity and ability to intervene on plaintiff's behalf to prevent the actions of the other defendants, he failed to intervene and take steps to protect,

>    remedy constitutional violation which shows he conspired
>    to cover up the retaliation, harassment and conspiracy
>    which was taking place against the plaintiff.

(*Id.*).

Plaintiff eventually gained access to pen and paper, and on July 6, 2015 he filed a

grievance claiming that he was assaulted at Clinton CF because he could not provide

information related to the whereabouts of Matt and Sweat. (Dkt. No. 1-1 at 10).

Upon initial review of the complaint, Judge Hurd determined that "[plaintiff's]

retaliation claims against. . .Uhler survive[d] sua sponte review," in response to which

the defendants have filed the instant motion to dismiss.  (Dkt. No. 13 at 36).

## II.    **Motion to Dismiss**

To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  "[T]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements," do not suffice.  *Id.* (citing *Bell Atl. Corp.*,

550 U.S. at 555).  Plaintiff's factual allegations must also be sufficient to give the

defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the

factual allegations contained in the complaint and draw all reasonable inferences in the

4

non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment). Finally, the court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times, Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (citing *inter alia County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002) (taking judicial notice of NLRB decisions)). *See also Combier-Kapel v. Biegelson*, 242 F. App'x 714, 715 (2d Cir. 2007) (taking judicial notice of the Impartial Hearing Officer's decision as well as certain other documents in the administrative record of an IDEA case); *In re Howard's Exp., Inc.*, 151 F. App'x 46, 48 (2d Cir. 2005) (taking judicial notice of

Bankruptcy Court docket); *Caro v. Fidelity Brokerage Services, LLC*, No. 3:12-CV-1066, 2013 WL 3299708, at *6 (D. Conn. July 26, 2013) (taking judicial notice of record in prior litigation between the same parties).

## III.  Retaliation

### A.    Legal Standards

To state a First Amendment claim of retaliation, an inmate must allege facts plausibly suggesting that (1) the speech or conduct at issue was protected, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected conduct and the adverse action. *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014)(citations omitted).  The court must keep in mind that claims of retaliation are "easily fabricated" and "pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration." *Faulk v. Fisher*, 545 F. App'x 56, 58 (2d Cir. 2013) (quoting *Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir. 2003)).  In other words, we must examine prisoners' claims of retaliation with "skepticism and particular care." *Rivera v. Goord*, 119 F.Supp 2d 327, 339 (S.D.N.Y. 2000) (quoting *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).  Accordingly, a First Amendment retaliation claim must be supported by "specific and detailed factual allegations," and not stated in "wholly conclusory terms." *Dolan v. Connolly,* 794 F.3d 290, 295 (2d. Cir. 2015) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.1983), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 (2002)).

6

In order to satisfy the final prong, "the causal connection must be sufficient to support an inference that the protected conduct played a substantial part in the adverse action." *Cruz v. Grosso,* No. 9:13-CV-30 (FJS/TWD), 2014 WL 2176256, at *6 (N.D.N.Y. May 23, 2014) (citing *inter alia Colon,* 58 F.3d at 873). Several factors may be considered in determining whether a causal connection exists between the plaintiff's protected activity and a prison official's actions, including temporal proximity between the protected activity and the alleged retaliatory act, and statements by the defendant concerning his or her motivation.[1] *Cruz,* 2014 WL 2176256, at *6 (citing *Colon*, 58 F.3d at 872-73). However, temporal proximity alone is not enough to establish a causal connection. The Second Circuit has held that where "timing is the only basis for a claim of retaliation . . . an inference of retaliation does not arise." *Thomas v. Waugh,* No. 9:13-CV-0321 (MAD/TWD), 2015 WL 5750945, at *15 (N.D.N.Y. Sept. 30, 2015) (quoting *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 95 (2d Cir. 2001).

## B.    Application

Plaintiff alleges that defendant Uhler refused to provide medical attention, supplies, personal property, and commissary after plaintiff told defendant Uhler he had been assaulted. (Dkt. No. 1 at 14). Defendants argue that the surviving retaliation claim against defendant Uhler should be dismissed for failure to state a cause of action.

---

[1] This court recognizes the existence of other factors, as discussed in *Colon,* applicable only when the alleged adverse action is the issuance of a misbehavior report.

7

(Defendant's Brief ("Def.'s Br.") at 3).  Specifically, defendants contend that plaintiff "failed to allege sufficient facts to establish a causal connection between any protected speech and the alleged adverse action by [defendant] Uhler."[2] (*Id.*).

As previously noted, plaintiff's allegations regarding defendant Uhler are limited to a single paragraph in the 34-page complaint.  Plaintiff initially alleges that he "made [defendant Uhler] aware that [he] was assaulted and in pain."  (Dkt. No. 1 at 14). Otherwise, the sum of plaintiff's allegation is that after plaintiff requested, inter alia, medical attention for his injuries, defendant Uhler "failed to . . . assist plaintiff with his request."  (*Id.*).  The pleading otherwise provides little detail of plaintiff's encounter with defendant Uhler. There is no indication that plaintiff communicated any details to defendant Uhler about the assault, particularly the fact that it was carried out by a corrections officer.[3]  In fact, the complaint fails to address whether defendant Uhler had any knowledge of plaintiff's incident with Doe #5, or any knowledge of plaintiff's complaints about the assault to other prison officials.  Further absent from the pleading

---

[2]Defendants assume for the purposes of their motion that plaintiff has sufficiently alleged that (1) he engaged in protected conduct and (2) defendant Uhler's conduct constituted an adverse action.  (Def.'s Br. at 7 n. 5).  Notably, upon initial review Judge Hurd recognized that an inmate's verbal complaint to a corrections officer or prison official can constitute activity protected by the First Amendment.  (Dkt. No. 13 at 36).

[3]Compare to plaintiff's allegation of a specific communication to defendant Jane Doe #3 that "emergency response i.e. John Doe #5 had in fact assaulted him without provocation."  (Dkt. No. 1 at 12).  It is clear, however, that plaintiff could not have told defendant Uhler the name of the individual who assaulted him, since plaintiff did not know his assailant's identity at the time of filing his complaint.

is any indication of a verbal response by defendant Uhler from which a retaliatory motive could be inferred.  The complaint does allege that the plaintiff's interaction(s) with defendant Uhler took place within ten days of the assault by Doe #5, however plaintiff fails to set forth the quantity and substance of his alleged communications with defendant Uhler between June 18, 2015 and June 25, 2015.

Although plaintiff may be claiming that his perceived mistreatment was a result of some "retaliatory animus on the part of [defendant Uhler], [plaintiff] has not offered any 'specific and detailed factual allegations' to support that assertion." *Vogelfang v. Capra,* 889 F. Supp. 489, 517 (S.D.N.Y. 2012) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000)).  As a general matter, it is difficult to establish one defendant's retaliation for complaints against another defendant, particularly when, as is the case here, they work at different facilities.  *Hare v. Hayden*, No. 09 Civ. 3135 (RWS), 2011 WL 1453789, at *4 (S.D.N.Y. Apr. 14, 2011) (citing *Wright v. Goord,* 554 F.3d 255, 274 (2d Cir. 2009) (dismissing retaliation claim against a corrections officer when only alleged basis for retaliation was complaint about a prior incident by another corrections officer).  Of the customary indicators that would give rise to an inference of retaliation – a relationship between the assaulting correction officer and the defendant, temporal proximity between plaintiff's complaint and the alleged retaliatory action, or telling comments by the defendant – only temporal proximity can be interpreted from plaintiff's vague allegations.  *See Vogelfang,* 889 F. Supp. at 517.

Nevertheless, it is well settled that timing cannot provide the only basis for plaintiff's retaliation claim. *Slattery,* 248 F.3d at 95;[4] *Gomez v. Tedford*, No. 9:14-CV-1476 (TJM/DJS), 2016 WL 6081844, at *3 (N.D.N.Y. Sep. 20, 2016) (finding plaintiff's retaliation claim conclusory and subject to dismissal where the only basis for inferring defendant's motivation was possible temporal proximity); *King v. McIntyre*, No. 9:11-CV-1457 (DNH/TWD) , 2015 WL 1781256, at *8 (N.D.N.Y. Apr. 8, 2015).

Moreover, while upon initial review Judge Hurd correctly stated that an inmate's verbal complaint to a prison official can constitute activity protected by the First Amendment (Dkt. No. 13 at 36), plaintiff's vague and conclusory allegations frustrate a determination of precisely what verbal complaint defendant Uhler retaliated in response to.[5]  Plaintiff merely claims that defendant Uhler's inaction "shows [defendant Uhler] conspired to cover up the retaliation...which was taking place against the plaintiff." (Dkt. 1 at 13).  Such language does not suffice to support an inference that plaintiff's protected conduct played a substantial part in any adverse action alleged by defendant Uhler, and

---

[4]*Slattery* was an employment law case, however the Second Circuit routinely cites to employment cases when discussing retaliation in the prison law context.  See e.g. *Espinal v. Goord*, 558 F.3d 119, 129 (2009) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001)).  Thus, it is appropriate to apply the *Slattery* rule here. *See King v. McIntyre,* No. 9:11-CV-1457 (DNH/TWD), 2015 WL 1781256, at *8 N. 7 (N.D.N.Y. Apr. 8, 2015).

[5]If plaintiff is claiming that defendant Uhler took retaliatory action for plaintiff's verbal complaint made to Doe #3 and/or the investigating officers, plaintiff fails to allege that defendant Uhler had any knowledge of said complaints.  On the other hand, if plaintiff is claiming that defendant Uhler took retaliatory action for the complaint made directly to defendant Uhler (contemporaneous with the alleged retaliatory action), the complaint still lacks any indication that defendant Uhler knew plaintiff was assaulted by a corrections officer.

therefore cannot support a claim for retaliation. *See Dorsey v. Fisher,* 468 F. App'x 25, 27 (2d Cir. 2012) ("[W]here, as here, the plaintiff alleges the ultimate fact of retaliation in a conclusory and speculative manner, he fails to state a claim for retaliation."); *Johnson v. Eggersdorf*, 8 F. App'x 140, 144 (2d Cir. 2001) ("Because of the potential for abuse [in claims for retaliation], we have insisted on a higher level of detail in [the] pleading[s], and held that a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.") (other citations and quotations omitted).

This court therefore concludes that plaintiff has not alleged facts sufficient to support a colorable inference of retaliation, given the heightened scrutiny applicable in the prison context. *Vogelfang*, 889 F. Supp. at 517 (citing *Twombly*, 550 U.S. at 570). Accordingly, I recommend that the Court dismiss the retaliation claim against defendant Uhler as further set forth below.

## IV.   **Opportunity to Amend**

### A.   **Legal Standard**

Generally, when the court dismisses a pro se complaint for failure to state a claim, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *See Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 238-39 (E.D.N.Y. Jan. 28, 2015) (considering whether to grant plaintiff leave to amend after finding that plaintiff failed to state a plausible claim under section 1983) (citing *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000)). In *Cuoco*, the

11

Second Circuit held that leave to amend should be denied where "better pleading will not cure the defects in a plaintiff's complaint."

## B.    Application

It is conceivable that better pleading may cure the defects in plaintiff's complaint. Therefore, if the District Court adopts my recommendation to grant defendants' partial motion to dismiss, then I further recommend that dismissal of those claims be without prejudice to plaintiff amending his complaint solely to address the defects identified herein, within thirty (30) days of the order approving this Report-Recommendation.

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 21) be **GRANTED** with respect to the retaliation claim against defendant Uhler, and it is further

**RECOMMENDED**, that such dismissal be **WITHOUT PREJUDICE** to plaintiff submitting a proposed amended complaint to address the defects identified in this Report-Recommendation within thirty (30) days of any order approving this Report-Recommendation, and it is further

**RECOMMENDED,** that any proposed amended complaint be returned to me for initial review, and it is further

**RECOMMENDED,** that if plaintiff fails to file a proposed amended complaint or to ask for an extension of time to do so, that the complaint be dismissed with prejudice as against defendant Uhler.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: April 25, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge

13