UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LORCEN BURROUGHS,

                                Plaintiff,

    v.                                                 9:18-CV-679
                                                            (DNH/ATB)

JOYCE MITCHELL, et al.,

                                Defendant.

---

LORCEN BURROUGHS, Plaintiff, pro se
KONSTANDINOS D. LERIS, Asst. Attorney General for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

Presently before this court is the defendants' motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 37(b). (Dkt. No. 31). Defendants move to dismiss plaintiff's complaint based on his failure to appear for his noticed deposition, his failure to comply with this court's order to participate in a telephone conference prior to a court-ordered second deposition, and his failure to provide Mandatory Disclosures or participate in discovery in general. (Def.s' Mem. of Law) (Dkt. No. 31-9). In support of their motion, they have submitted defense counsel's Declaration with exhibits. (Dkt. Nos. 31-2-31-9, Leris Decl. & Exs. A-G). Plaintiff has failed to respond to defendants' motion or to request an extension of time to do so. For the following reasons, this court agrees with defendants and will recommend dismissal of the

complaint.

## I. Facts and Procedural History

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at Great Meadow Correctional Facility. (Dkt. No. 1). On September 6, 2018, United States District Judge David N. Hurd reviewed the complaint and issued an order. (Dkt. No. 13). In his September 6, 2018 Order, Judge Hurd summarized the facts as stated in the plaintiff's lengthy complaint (Dkt. No. 13 at 6-20), granted plaintiff's motion to proceed in forma pauperis, dismissed many of plaintiff's claims, and allowed others to proceed. (Dkt. No. 13 at 47-49). Essentially, plaintiff alleged that he was the victim of various constitutional violations following the escape of inmates David Sweat and Richard Matt from Clinton Correctional Facility ("Clinton") in June of 2015. Plaintiff was released from incarceration on December 22, 2018, and filed a proper change-of-address with the court on December 26, 2018. (Dkt. No. 20).

The remaining causes of action in this case are Eighth Amendment failure-to-protect claims against defendant Ronald Wood and First Amendment retaliation claims against defendants Wood and Steven Shattuck.[1] (Dkt. No. 13 at 48). Defendants Wood and Shattuck filed their answer to the complaint on January 25, 2015. (Dkt. No. 22). On January 25, 2019, the court issued a Mandatory Pretrial Discovery and Scheduling

---

[1] On January 25, 2019, defendant Uhler filed a motion to dismiss which was referred to me. (Dkt. No. 21). On April 25, 2019, I recommended granting the defendants motion, and dismissing the action against defendant Uhler with an opportunity to amend. (Dkt. No. 26). My recommendation was adopted on July 3, 2019, and plaintiff was afforded thirty (30) days to file an amended complaint. (Dkt. No. 30). Plaintiff has failed to do so, and defendant Uhler was terminated as a defendant on August 6, 2019. As noted by the defendants in their current motion to dismiss, there were surviving claims against a variety of John or Jane Does, but none of those defendants have been identified or served.

2

Order ("MPTO"), which provided for the mandatory disclosure of specific discovery materials by both plaintiff and defendants. (Dkt. No. 24 at 1-2). The MPTO also set forth additional instructions for discovery as well as an order granting defendants leave to take plaintiff's deposition pursuant to Fed. R. Civ. P. 30(a)(2)(B). (Dkt. No. 24 at 2-4). The MPTO also set deadlines for joinder and amendment, discovery, and dispositive motions. (Dkt. No. 24 at 5-6). "Attachment A" of the MPTO describes the mandatory disclosures required based on particular types of cases, making the parties' responsibilities very clear. (Dkt. No. 24 at 7-8). With respect to depositions, the MPTO specifically states that "[t]he failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37. Objections made in good faith in accordance with governing rules are not prohibited." (Dkt. No. 24 at 4).

## II.   Discovery Sanctions

### A.   Legal Standards

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(I). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a

severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

**B.     Application**

Defendants provided plaintiff with their mandatory disclosures on March 18, 2019 and filed the appropriate notice of compliance with the court. (Dkt. No. 25, Leris Decl. ¶ 9 & Ex. A) (Dkt. Nos. 31-1, 31-2).  When defendants failed to receive any mandatory disclosures from plaintiff, defense counsel sent plaintiff a letter requesting service of the required disclosures and notifying plaintiff that if he failed to provide the documents, the defendants could object to any documents that he sought to offer in support of his case at trial. (Leris Decl. Ex. B) (Dkt. No. 31-3).  When defendants did not hear from plaintiff in response to the first letter, on May 15, 2019, counsel sent a second letter. (Leris Decl. Ex. D) (Dkt. No. 31-5).  Defendants also state that, "to date," plaintiff has neither provided documents, nor has he indicated that responsive documents do not exist. (Leris Decl..¶ 14, Def.s' Mem. of Law at 2).

Defendants also served plaintiff at his Rochester, New York address with an notice of deposition on March 22, 2019. (Leris Decl.. ¶ 16).  The notice directed plaintiff to appear at the Attorney General's Office in Albany, New York on June 12, 2019. (Leris Decl.. ¶ 16 & Ex. E).  Defense counsel states that the notice was not returned undeliverable, but plaintiff did not appear for his deposition, and he did not contact defense counsel to reschedule or to discuss why he was not able to attend.

4

(Leris Decl. ¶ 18 & Ex. F (Depo. Transcript)).  Defense counsel states that, as a result of plaintiff's failure to appear, defendants incurred costs of $250.00, in part, because counsel made a record of plaintiff's non appearance. (Leris Decl. ¶ 19 & Ex. G).

On June 18, 2019, defense counsel requested that the court order plaintiff's deposition due to his failure to appear on June 12th. (Leris Decl. ¶ 20 & Dkt. No. 28). On June 19, 2019, I issued the requested order, which directed plaintiff to appear for his deposition on July 17, 2019. (Dkt. No. 29).  I also directed plaintiff to file a written report by June 28, 2019, confirming that he would appear for the court-ordered July 17, 2019 deposition. (Dkt. No. 29).  In an effort to assist plaintiff, I also directed plaintiff to participate in a telephone conference on July 10, 2019 "to discuss any logistical or other issues involving the deposition." (*Id.*)  The order specifically warned plaintiff that the "**FAILURE TO COMPLY WITH THE COURTS ORDERS AND DIRECTIONS MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF HIS CASE**." (*Id.*)

Despite the court's efforts to assist plaintiff, he failed to file a written status report and failed to call in for the scheduled telephone conference on July 10, 2019. (Text Minute Entry of July 10, 2019).  At the telephone conference, I authorized defense counsel to file a motion to dismiss for failure to prosecute.  Defense counsel filed his motion on August 8, 2019, and plaintiff has failed to respond within the allotted time or ask for an extension of time to do so.

Thus, in this case, the plaintiff has failed to provide mandatory disclosures or tell defense counsel that no mandatory disclosures exist.  He has failed to appear for a

5

deposition, notwithstanding the warning contained in the MPTO that his failure to do so could result in sanctions. He has failed to comply with an order of this court to file a written status request and to participate in a telephone conference on July 10, 2019, prior to a court-ordered deposition on July 19, 2019.[2] Plaintiff has been given every opportunity to participate in this litigation. Plaintiff has also been warned more than once that his failure obey court orders, the failure to attend his deposition, and his failure to provide other discovery may result in sanctions, including the dismissal of his action. Thus, plaintiff has had clear notice of the possible result of his conduct.

Plaintiff has been released from incarceration and appears to have abandoned this action. He may still live in Rochester,[3] and the court gave him the opportunity to participate in a telephone conference prior to the court-ordered deposition in case he was having trouble with transportation or had any other issues that would prevent him from attending a deposition in Albany. As stated above, plaintiff did not take advantage of this opportunity. It appears that plaintiff is wilfully ignoring both defense counsel and the court, and it is unlikely that he will participate in the future.

Although the case was filed in 2018, plaintiff is complaining about incidents occurring in 2015. Further delay in obtaining discovery and in proceeding to trial, if appropriate, will prejudice all parties. The court has considered lesser sanctions, but I find that no lesser sanction is appropriate in this case based on plaintiff's conduct. His

---

[2] Because plaintiff failed to participate in the telephone conference prior to the scheduled deposition, the court did not require defense counsel to go through the apparently useless exercise of proceeding with a deposition that plaintiff clearly was not going to attend.

[3] As stated above, plaintiff filed a change of address when he was released from incarceration in December of 2018.

failure to respond to defense counsel and his complete failure to abide by orders of the court shows that plaintiff is unlikely to comply with further orders, pay any type of monetary sanction, or participate in the litigation process at all.  As stated by defense counsel, none of the correspondence sent to plaintiff, including correspondence sent by the court, has been returned "undeliverable," making it likely that plaintiff is wilfully failing to respond.  Even if he has moved and has failed to provide the court with a change of address, this too would weigh in favor of dismissal because no one can communicate with an individual whose address, telephone number, or any other contact information is unknown.[4]  Thus, this court's finding would be the same whether plaintiff ignored the court or whether he simply chose not to update his contact information.

The court also notes that this decision is a Report and Recommendation. Plaintiff will have one more chance to oppose the dismissal of his action.  If plaintiff files timely objections or asks for an extension of time to do so, the District Judge may determine whether plaintiff's reasons for ignoring defense counsel and the court are sufficient to allow plaintiff to proceed with this action.  However, barring any such

---

[4] Although it does not appear that plaintiff has changed his address because correspondence addressed to plaintiff has not been returned either to the defense counsel or to the court, the court simply notes that a plaintiff , even a pro se plaintiff, has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996) (pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).  "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Dumpson v. Goord*, No. 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (emphasis added). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with Local Rule 10.1(b) may result in the dismissal of any pending action.

objections, the court will recommend dismissal of the action with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss for failure to prosecute and as a discovery sanction (Dkt. No. 31), be **GRANTED**, and that plaintiff's complaint be **DISMISSED IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 3, 2019

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge